IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v.  :  Criminal Case No. DKC 07-0031

MELVIN MURIOS-GARCIA  :

**MEMORANDUM OPINION AND ORDER**

By a judgment entered June 11, 2007, Defendant Melvin Murios-Garcia was convicted, upon his guilty plea, of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and sentenced to a term of imprisonment of 188 months. (ECF No. 9). He did not appeal his sentence. On December 11, 2013, Defendant, proceeding *pro se*, filed the pending "Motion to Downward Depart Via 'FAST TRACK' Program," seeking "a sentence reduction based on the 'FAST TRACK' program pursuant to § 5K3.1 of the Sentencing Guidelines." (ECF No. 10, at 3). For the following reasons, the motion will be denied.

A court may not modify a term of imprisonment once has been imposed unless statutorily prescribed exceptions apply. Section 3582(c)(2) allows a court to modify a sentence only: 1) upon motion of the Director of the Bureau of Prisons if extraordinary and compelling reasons exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35;

or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c). The current motion does not fall within any of those categories.

In recently considering a similar motion, the United States District Court for the Southern District of New York explained:

> Section 5K3.1 permits a court, *upon motion of the Government,* to depart downward not more than four levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides. 18 U.S.C. § 5K3.1. The early disposition — or Fast Track — program, which was adopted nationally as of March 2012, is available only to defendants who have been charged solely with illegal reentry under 8 U.S.C. § 1326. *See* United States Attorney's Office, Southern District of New York, Fast-Track Policy for Felony Illegal Reentry Offenses (March 5, 2012). In addition, to be eligible for the 5K3.1 reduction, the defendant must enter into a written plea agreement with the Government within thirty days of the defendant's presentment or arraignment. In the agreement the defendant must, among other things, waive the right to appeal, to collaterally attack her conviction pursuant to Title 28, United States Code, Section 2255 and/or Section 2241, and to seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c).

*U.S. v. An Soon Kim*, No. Cr. 0074 (DLC), 2013 WL 2480245, at *2 (S.D.N.Y. June 10, 2013) (emphasis in original).

Here, long after sentencing, Defendant, not the government, has moved for a reduction of sentence based on § 5K3.1. Moreover, Defendant was not charged solely – or at all – with

illegal reentry, as required. Additionally, like the Southern District of New York, the District of Maryland was not among those districts adopting the "Fast-Track" program prior to 2012, see *Saracay-Orellana v. United States*, Civ. No. RDB-12-3548, Crim. No. RDB-10-0590, 2013 WL 2490235, at *4 (D.Md. June 7, 2013), and relief is not available retroactively, see *Kim*, 2013 WL 2480245, at *3 (citing *United States v. Garcia–Ugarte*, 688 F.3d 314, 317 n. 1 (7th Cir. 2012)).

Accordingly, it is this 15th day of January, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for reduction of sentence (ECF No. 10) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to a copy of this Memorandum Opinion and Order directly to Defendant.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge